IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESUS SANTIAGO ALMODOVAR,

    Plaintiff,

    v.

VICTOR RIVERA, et al.,

    Defendants.

CIVIL NO. 04-1821 (RLA)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

    The Court has before it defendant VICTOR RIVERA GONZALEZ' (RIVERA) Motion to Dismiss the above complaint on the grounds that plaintiff has failed to state a claim under 42 U.S.C. § 1983 against him; that he is entitled to qualified immunity, and that the Court should not exercise jurisdiction over the claims arising from the Commonwealth of Puerto Rico's Constitution and statutes in the event that the federal claims are dismissed. See docket **No. 9**. Plaintiff has opposed (docket **No. 14**). For the reasons set forth below we hereby **DENY** defendant's Motion to Dismiss.

STATEMENT OF THE CASE

    Plaintiff has invoked the subject-matter jurisdiction of this Court under 28 U.S.C. § 1331 and, pursuant to a civil rights violation claim under 42 U.S.C. §§ 1983 and 1988, for the violation of his rights protected by the First, Fourth, Fifth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States. Plaintiff has also invoked the supplemental jurisdiction of this

**CIVIL NO. 04-1821 (RLA)**                                                Page 2

Court for his claims brought under Article II, Sections 1, 4, 7, and 8 of the Constitution of the Commonwealth of Puerto Rico, and Articles 1802, et seq., of the Civil Code of Puerto Rico.

## FACTUAL VERSION OF THE CASE

Plaintiff JESUS SANTIAGO ALMODOVAR (SANTIAGO) alleges that on August 12, 2003, police officers JOSE MARTINEZ-MALAVE (MARTINEZ) and IVAN BAHR-SILVA (BAHR), acting under color of state law, assaulted, abused, insulted, and illegally detained and arrested him, resulting in false charges being filed against him, which were dismissed at the preliminary hearing stage. In addition, plaintiff alleges that at the time of the events described in the complaint, RIVERA was the Superintendent of the Puerto Rico Police Department, and as such the person responsible for establishing the government policy concerning the activities of the Drugs and Narcotics Division, its inspections, raids, and interventions with citizens. SANTIAGO further asserts that RIVERA was, at the time of the events detailed in the complaint, the person responsible for the selection, adequate training, monitoring, and supervision of police officers, including co-defendants, MARTINEZ and BAHR. Plaintiff alleges that MARTINEZ and BAHR were improperly trained, had poor psychological profiles, social history and background, and showed an emotional inclination to violence. Plaintiff further avers that notwithstanding the fact that RIVERA knew or should have known of MARTINEZ' and BAHR's disciplinary problems and inclinations to violence, he permitted or indifferently

acquiesced with deliberate indifference and/or in a grossly negligent manner, the violation of plaintiff's civil rights by allowing these officers to work in the streets and intervene with citizens. Inasmuch as RIVERA was responsible for monitoring, evaluating, and disciplining of co-defendants, plaintiff alleges that RIVERA knew or should have known of co-defendants' dangerous tendencies, inadequate training, and disciplinary problems, at all times acting under color of the laws, statutes, ordinances, regulations or customs of the Commonwealth of Puerto Rico.

<u>STANDARD FOR A MOTION TO DISMISS</u>
<u>UNDER FED. R. CIV. P. 12(b)(6)</u>

In response to an initial pleading, a defendant may file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubts that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The Court must accept as true the well-pleaded allegations in the complaint and draw all reasonable inferences in plaintiffs' favor. <u>See</u> <u>Correa-Martínez v. Arrillaga-Beléndez</u>, 903 F.2d 49, 52 (1st Cir. 1990). However, the Court is not obliged to "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996); <u>see also</u>, <u>Doyle v. Hasbro,</u>

**CIVIL NO. 04-1821 (RLA)**                                                                 **Page 4**

Inc., 103 F.3d 186, 190 (1st Cir. 1996); Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 40 (1st cir. 1998).

A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n.2 (1st Cir. 1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

The primary purpose of a motion pursuant to Federal Rule of Civil Procedure 12(b)((6) is to challenge the legal theory, "not the sufficiency of any evidence that might be adduced." Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993). Accordingly, in analyzing RIVERA's Motion to Dismiss, the Court shall consider as true all well pleaded allegations in the complaint.

SUPERVISORY LIABILITY UNDER A 42 U.S.C. § 1983 CLAIM

Defendant RIVERA argues that the allegations in the above captioned complaint are not enough to establish his liability for the violation of civil rights suffered by plaintiff. RIVERA argues that the allegations that he knew or should have known of co-defendants MARTINEZ' and BAHR's disciplinary problems or that they were inadequately selected or trained are not enough to establish a causal link between him and the damages claimed by plaintiff. RIVERA's arguments are flawed.

**CIVIL NO. 04-1821 (RLA)**                                                                **Page 5**

---

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must alleged two elements: "(1) that the conduct complained of has been committed under color of state law, and (2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." See Barreto Rivera v. Medina-Vargas, 168 F.3d 42 (1st Cir. 1999). In Barreto-Rivera, the Court of Appeals for the First Circuit stated:

> A supervisor may be found liable under section 1983 on the basis of his own acts or omissions; liability may not be predicated upon a theory of respondeat superior. See Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994) (citing Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 561 (1st cir. 1989). A supervisor may be found liable if the "supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Gutiérrez-Rodríguez, 882 F.2d at 562. "**[E]ven if a supervisor lacks actual knowledge of censurable conduct, he may be liable for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness, and if he had the power to alleviate it.**"

Maldonado-Denis, 23 F.3d at 582 (emphasis added).

> A plaintiff must also show that there is "an 'affirmative link' between the street-level misconduct and the action, or inaction, of supervisory officials." Gutiérrez-Rodríguez, 882 F.2d at 562 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)). Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 49 (1st Cir. 1999).

Id. at 48.

The First Circuit expressed that this affirmative link can be established even if the supervisor did not participate directly in

the conduct that transgressed plaintiff's civil rights.  The Court conveyed the following:

> The causation requirement can be satisfied even if the supervisor did not participate directly in the conduct that violated a citizen's rights; for example, a sufficient [causal] nexus may be found if the supervisor knew of, overtly or tacitly approved of, or purposely disregarded the conduct.  Consequently, deliberate indifference to violations of constitutional rights can forge the necessary linkage between the acts or omissions of supervisory personnel and the misconduct of their subordinates. Maldonado-Denis, 23 F.3d at 582.  A plaintiff can establish a causal link "if there exists a known history of widespread abuse sufficient to alert a supervisor to ongoing violations,"

Id. Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 49 (1st Cir. 1999).

Furthermore, in Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000), the First Circuit articulated the following:

> "We are also unconvinced that much of the evidence that plaintiffs requested is irrelevant to the issue of supervisory liability, as the supervisors suggest.  Whether an individual officer had a record of claims of excessive force, improper searches, or other related misconduct, as well as pertinent performance and disciplinary history, is relevant to the allegations that the officer's conduct was linked to the supervisor's failure to properly train, supervise, and discipline him.  See Barrero-Rivera v. Medina-Vargas, 168 F.3d 42, 49 (1st Cir. 1999) ("known history of widespread abuse sufficient to alert supervisor to ongoing violations" can subject supervisor to liability even where he did not directly participate in civil rights violation) (quoting Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 582 (1st Cir. 1994).  Moreover, information as to training received by the officers is obviously germane to the failure to train claim against the

**CIVIL NO. 04-1821 (RLA)** **Page 7**

supervisors." Carmona v. Toledo, 215 F.3d 124, 135 (1st Cir. 2000).

Following this line of thought, in Camilo-Robles v. Zapata (Camilo Robles II), 175 F.3d 41, 47, the First Circuit court stated that "...[u]nder such a theory, a supervisor may be brought to book even though his actions have not directly abridged someone's rights; it is enough that he has created or overlooked a clear risk of future unlawful action by a lower-echelon actor over whom he had some degree of control."

Taking as true all the allegations contained in the complaint, plaintiff has established that at the time of the events described in the above captioned complaint, RIVERA was the Superintendent of the Puerto Rico Police Department, and as such, the person responsible for establishing the government policy concerning its activities such as inspections, raids, and interventions of the Drugs and Narcotics Division.[1] RIVERA was the person responsible for the disciplinary and supervisory actions with regards to the actions and omissions of co-defendants.[2] Plaintiff has well pleaded that defendant RIVERA's policies directly resulted in the inadequate selection and training of co-defendants, BAHR and MARTINEZ. RIVERA's policies failed to prevent, detect or punish incidents of unwarranted abuses against citizens perpetrated by co-defendants, BAHR and MARTINEZ.

---

[1] See paragraph 6 of the complaint.

[2] See paragraphs 6 and 39 of the complaint.

**CIVIL NO. 04-1821 (RLA)**                                                                        **Page 8**

As evidenced by a review of the allegations of the above captioned complaint, plaintiffs has successfully alleged that defendant RIVERA failed, either in a grossly negligent manner or with deliberate indifference, to adequately train, monitor, and/or supervise co-defendants, BAHR and MARTINEZ, all of which resulted in the violation of plaintiff's civil rights. Accordingly, RIVERA's Motion to Dismiss as regards his supervisory liability is **DENIED**.

                              QUALIFIED IMMUNITY

Public officials sued for civil rights violations under 42 U.S.C. § 1983 could avoid liability for money damages by showing either that they did not violate a right clearly established under the United States Constitution or federal law, or that they acted with objective legal reasonableness. See Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982); Camilo-Robles v. Hoyos (Camilo-Robles I), 151 F.3d 1 (1st Cir. 1998).

"When a supervisor requests qualified immunity in a section 1983 action, the 'clearly established' prong of the qualified immunity inquiry is satisfied when (1) the subordinate's actions violated a clearly established constitutional right; and (2) it was clearly established that a supervisor would be liable for constitutional violations perpetrated by the subordinates in that context." Camilo-Robles I, at 6. (citations omitted).

As an additional ground in support of his motion, RIVERA argues that he is entitled to qualified immunity from liability.

**CIVIL NO. 04-1821 (RLA)** **Page 9**

Qualified immunity is an affirmative defense against liability, which may be raised by state officials sued in their personal capacity. See Gómez v. Toledo, 446 U.S. 635, 640 (1980); Scheuer v. Rhodes, 416 U.S. 232 (1974). The general rule of qualified immunity is that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 427 U.S. 808, 818 (1982). This rule concentrates on the objective reasonableness of the official's conduct and eliminates from consideration all claims of the official's subjective state of mind. Id. at 819. As the qualified immunity defense has evolved, it has been stated by the Supreme Court that "it provides ample protection to all but the plainly incompetent." Malley v. Briggs, 475 U.S. 335, 341 (1986).

A defendant can establish a qualified immunity defense in one of three ways; first, the defense should be sustained if the Court finds that no constitutional right has been violated, even if the allegations of plaintiff are established; second, even if the interest asserted by the plaintiff is clearly of a type generally protected by federal law, the defendant is entitled to immunity if the right was not clearly established; third, even if the contours of the plaintiff's federal rights and the official's permissible actions were clearly delineated at the time of the acts complained of, the

defendant may enjoy qualified immunity, if it was objectively reasonable for him to believe that his acts did not violate those rights. See Saucier v. Katz, 121 S. Ct. 2151, 2156-58 (2001).

Here, inquiry turns on the third prong of the analysis related to the objective legal reasonableness of RIVERA's actions or omissions. Taking as true the allegations of the complaint as we must, RIVERA acquiesced to the violation of plaintiff's civil rights by showing deliberate indifference to BAHR's and MARTINEZ' disciplinary problems, poor psychological profiles, and proneness to violent behavior. In that manner he acquiesced to the violation of plaintiff's civil rights at the hands of these officers. Moreover, RIVERA failed to properly recruit, monitor, train, discipline, and punish co-defendants, thus assenting to the illegal and unconstitutional actions of these police officers. In that context, RIVERA's actions and omissions cannot be considered objectively or legally reasonable. As he had actual or constructive knowledge of the grave risk of harm of letting these co-defendants work in the streets intervening with citizens, and he failed to take the easily available measures to address such risk. Accordingly, RIVERA's claim of qualified immunity is unfounded and must be DENIED.

**CIVIL NO. 04-1821 (RLA)**                                                              **Page 11**

CONCLUSION

As discussed herein, the well pleaded allegations in the above-captioned complaint has set forth a cause of action against defendant RIVERA for the violation of plaintiff's civil rights under the United States Constitution and 42 U.S.C. § 1983. In addition, in the present case qualified immunity is unwarranted since the violation involved clearly established civil rights. RIVERA's actions and omissions could not be deemed objectively reasonable since they showed a deliberate indifference and/or reckless disregard for plaintiff's constitutional rights. In view of the above, RIVERA's Motion to Dismiss (docket No. **9**) is hereby **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 31st day of March, 2006.

                                              S/Raymond L. Acosta
                                              RAYMOND L. ACOSTA
                                    United States District Judge